UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEON BAILEY, No. 14067-029

    Petitioner,

  v.

E. WILLIAMS, Warden,

    Respondent.

Case No. 20-cv-504-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Deon Bailey's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). Bailey is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent E. Williams is the warden. Bailey seeks release from custody on the grounds that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), he was erroneously sentenced as a career offender under United States Sentencing Guideline Manual ("U.S.S.G.) § 4B1.1.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

**I.**    **Background**

In July 2015, Bailey was charged in the United States District Court for the Northern District of Iowa with two counts of distribution of crack cocaine within 1,000 feet of a

playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860. *See United States v. Bailey*, No. 2:15-cr-1017-LRR. He pled guilty to lesser included offenses (omitting the proximity to a playground) and on June 21, 2016, was sentenced to serve 295 months in prison. In selecting this sentence, that court found the petitioner was a career offender under U.S.S.G. § 4B1.1 based on prior state felony convictions for aggravated discharge of a firearm and harassment in the first degree.[1] However, the court relied on an offense level determined under U.S.S.G. § 2D1.1 because it was higher than the career offender-based offense level. It imposed a 240-month sentence for each count, the statutory maximum for each, but ordered that parts were to run consecutively to reach the 295-month total sentence of imprisonment. Days later, on June 23, 2016, the United States Supreme Court decided *Mathis*, which clarified when and how the categorical approach should be applied to determine whether prior convictions qualifies to support sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

The day after *Mathis* was announced, Bailey appealed his sentence, and on August 1, 2017, the United States Court of Appeals for the Eighth Circuit affirmed. *See United States v. Bailey*, No. 16-2954. In January 2018, the United States Supreme Court declined to issue a writ of *certiorari*. *See Bailey v. United States*, 138 S. Ct. 717 (2018). In September 2018, Bailey filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the United States District Court for the Northern District of Iowa denied as frivolous in May 2020. *See Bailey v. United States*, No. 2:18-cv-1034-LRR. The Eighth Circuit Court of Appeals denied a certificate of appealability in October 2020. *See Bailey v. United States*, No. 20-2066.

---

[1] The Court relies on Bailey's representation of the nature of his prior convictions because the Court does not have easy access to that information and because, as explained below, the nature of those convictions is immaterial to the resolution of this petition, which turns on the unavailability of a § 2241 petition to remedy the errors Bailey alleges.

2

He also filed another § 2241 petition in this Court challenging the consecutive component of his sentence, which took the total sentence above the statutory maximum for each count individually. *Bailey v. Criminal Division*, No. 20-cv-424-SMY (now, -DWD for post-judgment motion purposes). In none of these efforts to overturn his sentence did Bailey argue that *Mathis* rendered the career offender finding improper.

## II.     Analysis

Bailey now makes that argument. Specifically, he argues in his § 2241 petition that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), the predicate convictions supporting career offender status are not crimes of violence for career offender purposes. For the following reasons, the Court finds § 2241 is not available to Bailey to raise that argument.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction, *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019), as Bailey did in September 2018. However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention." A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

*Mathis* is a case involving statutory interpretation of the ACCA, but Bailey could have raised the issue in his original § 2255 motion—and on a direct appeal, for that matter.  The case was decided *the day before* he filed his notice of direct appeal in his criminal case and more than *two years before* his § 2255 motion.  He clearly could have raised this argument in both of those proceedings.  Because Bailey had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d at 609, in light of *Mathis*, he cannot now seek relief under § 2241 on that basis.

Additionally, any error in finding Bailey a career offender was not grave enough to be deemed a miscarriage of justice, the third *Davenport* factor.  Under the post-*Booker* advisory sentencing guidelines, there is no miscarriage of justice as long as the sentence imposed is within the statutory sentencing range.  *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019) (citing *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014); *Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013)); *Baker v. Williams*, No. 20-CV-772-NJR, 2020 WL 6701143, at *3 (S.D. Ill. Nov. 12, 2020) ("an erroneous application of the advisory guidelines does not amount to a 'miscarriage of justice' (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit"); *compare Chazen*, 938 F.3d at 856 (noting error is a miscarriage of justice cognizable in § 2241 where prior conviction erroneously established statutory minimum sentence of 15 years under the ACCA).  Thus, while *Mathis* may provide a basis for § 2241 *habeas* relief for a sentence under the ACCA or under mandatory sentencing guidelines, it does not provide a basis for relief for an advisory guideline sentence within the statutory range.  *Hanson*, 941 F.3d at 878.

Bailey's sentence for each count of conviction was 240 months, the statutory maximum sentence available.  Thus the errors he alleges in his § 2241 motion would not amount to a

4

fundamental miscarriage of justice for which *habeas* relief is available under § 2241.  Any difference between the career offender-based advisory guideline range and the alternative range without career offender status is of no import because the court could still have relied on the prior convictions in exercising its discretion anywhere within the statutory sentencing range.

## III.   Conclusion

For the foregoing reasons, the Court **DISMISSES with prejudice** Bailey's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court further finds that Bailey was able to competently represent himself in his petition and that the presence of counsel would not have had a reasonable chance of changing the result of the case.  Accordingly, the Court **DENIES** Bailey's motions for recruitment of counsel (Docs. 4 & 7).  Finally, entry of this order renders **MOOT** Bailey's most recent motion for status (Doc. 12).

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed.

R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  December 4, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
